# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**RICHARD A. BAROS;**
**RENE S. BAROS**,

       Plaintiffs,

v.                                                                 **No. 11cv753 MCA/RHS**

**THE UNITED STATES OF AMERICA**,

       Defendant.

## <u>ORDER DENYING IFP AND DISMISSING COMPLAINT</u>

THIS MATTER comes before the Court on the Plaintiffs' application to proceed *in forma pauperis* ("IFP"), filed August 23, 2011, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [their] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court must "dismiss

1

the case" if it determines that the "allegation of poverty is untrue," § 1915(e)(2)(A).  *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

**I.   The Baroses still have failed to establish indigency.**

Six months ago, the Baroses filed a similar Complaint against the United States, seeking to proceed IFP, which the Court dismissed.  *See Baros v. Gila River Health Care Corp.*, No. 11cv229 MV/RHS Doc. 5 (D.N.M. March 31, 2011).  The Court held that because the couple, who have four children and earn $5520/month, are not indigent, the allegation of poverty was not true and the case had to be dismissed under § 1915(e)(2)(A).  *See id.* at 2.  The Court also noted other deficiencies and that they alleged insufficient facts to show waiver of the United States' sovereign immunity, so the Court did not have subject-matter jurisdiction.  But the Court, after noting that the Baroses's claims may be time barred, dismissed the case without prejudice, stating that, "[i]f the Baroses have a good-faith belief that they have a viable cause of action under the FTCA, they may pay the filing fee and refile a new Complaint that names only the proper party and sufficiently sets out all of the jurisdictional facts to show a waiver of sovereign immunity and venue in this Court."  *Id.* at 5.

The current application to proceed IFP is not much different from the last one, except that Richard Baros no longer claims that he spends $2000/month on medical expenses.  In addition, the couple now also contend that they spend:  $1000/month on their mortgage and homeowner's insurance (which they did not claim before), even though their mortgage statement itself indicates they pay $882/month for mortgage, taxes, and insurance, *see* Doc. 2, att. 1; $500/month on utilities; $520/month on car payments, $560/month on gasoline, and $150/month on car insurance; $500/month on food; and $300/month on medical and dental expenses.  *See* Doc. 2 at 4.  They

2

continue to spend $100/month on recreational activities and have $200 in cash.  *See id.*  On these facts, the Baroses continue to fail to show that they are too impoverished to pay both for filing fees and for the necessities of life on an income of $5520/month, and the Court concludes that their allegation of poverty is untrue.  Therefore, the Court will again deny the motion to proceed IFP and must dismiss the case.

**II.  The Complaint may still be time-barred.**

As noted in the Court's prior opinion, the accident giving rise to the suit against the United States occurred on January 19, 2009.  *See* Doc. 1 at 2.  The Plaintiffs again fail to state where Mr. Baros was driving when the accident occurred.  The Baroses now assert that they have exhausted their administrative remedies, *see id.*, but they attached only a letter acknowledging the filing of the administrative claim on August 12, 2010, and did not attach the notice of the agency's final ruling. As noted in the agency's letter, a claim is deemed denied if the final ruling on the claim is not received within six months of its filing, *see id.*, Att. 1 at 2, and a complaint must be filed in the appropriate district court within six months of the actual or constructive denial of the claim.  *See* 45 CFR § 35.6(a); 28 U.S.C. § 2401.  Six months from August 12, 2010 is February 12, 2011, and six months from that date is August 12, 2011.  Because the Complaint at bar was not filed until August 23, 2011, it again appears that the Baroses' claims may be time-barred.

The Court will again dismiss this case without prejudice, but it warns the Plaintiffs that, if there is no good-faith basis for filing yet a third Complaint, the Court may impose sanctions under Rule 11.  If the Baroses have a good-faith belief that they still have a viable cause of action,  they may pay the filing fee and refile a new Complaint that sufficiently sets out all of the jurisdictional facts to show a waiver of sovereign immunity and venue in this Court.  *See Brown v. Beck*, No.

06-4088, 203 Fed. App'x 907, 910-11(10th Cir. Aug. 1, 2006) (stating that "dismissal without prejudice is not an extreme sanction because the remedy is simply to cure the defect and refile the complaint.  Thus, [a plaintiff who has been denied permission to proceed IFP and whose complaint has been dismissed without prejudice] can initiate a new action by refiling his complaint and either paying the full filing fee at the start of the litigation or successfully applying to proceed IFP and then complying with the district court's fee orders.").

**IT IS ORDERED** that the motion to proceed IFP [Doc. 2] is DENIED and the case is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(A).

**SO ORDERED** this 30th day of September, 2011.

_____

**UNITED STATES DISTRICT JUDGE**